IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | * |
| Plaintiff, | * |
| vs. | *   NO. cv-17-__413__ |
| RUSSELL G. JUDKINS and HIGHWAY 59, LLC, | * |
| Defendants. | * |

## COMPLAINT

Comes now plaintiff SE Property Holdings, LLC ("SEPH") and files its Complaint, alleging against defendants Russell G. Judkins and Highway 59, LLC, as follows:

## PARTIES

1. SEPH is an Ohio limited liability company with its principal place of business located in Newark, Ohio. On February 16, 2012, Vision Bank ("Vision") merged with and into SEPH. SEPH is Vision's successor by merger. SEPH has one member, Park National Corporation. Park National Corporation is an Ohio corporation with its principal place of business in Newark, Ohio.

2. Defendant Russell G. Judkins ("Judkins") is an adult citizen of Florida residing in Escambia County, Florida.

3. Defendant Highway 59, LLC ("Hwy 59") is a Florida limited liability company. Judkins, Linda A. Judkins ("Linda"), and Gary S. Sluder ("Sluder") are the owners and members of Hwy 59. Linda and Sluder are adult citizens of Florida.

1

## JURISDICTION

4.   This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 because the amount in controversy exceeds $75,000, exclusive of costs and interest, and because there exists complete diversity of citizenship between the plaintiff and the defendants.

5.   Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and the real property that is the subject of the action is situated in this district.

## FACTS

### *Indebtedness to SEPH*

6.   At the time of the transfer described below, Judkins was indebted to SEPH pursuant to his guaranties of various loans made by Vision to Coastal Construction, LLC ("Coastal"). The maturity dates of said loans were extended several times and certain renewal promissory notes were signed by Coastal when the maturity dates were extended. The last such renewal promissory notes signed by Coastal are as follows: (i) promissory note dated February 20, 2008, in the principal amount of $1,695,000.00, (ii) promissory note dated February 29, 2008, in the principal amount of $1,599,900.00, (iii) promissory note dated February 29, 2008, in the principal amount of $1,248,143.50, and (iv) promissory note dated February 29, 2008, in the principal amount of $1,073,258.66, copies of which are attached hereto as Exhibit A (collectively the "Notes"). The Notes were signed by Coastal in February of 2008, thereby extending the maturity dates to February 28, 2009. Copies of Judkins' guaranties of the loans and Notes are attached hereto as Exhibit B (the "Guaranties").

7.   Coastal defaulted under the Notes in the summer or fall of 2008. Vision demanded payment from Coastal and Judkins and both refused to pay. Vision then filed suit to

collect the debt. SEPH eventually obtained a judgment on June 1, 2012 against Judkins in the amount of $4,551,860.05 plus court costs for the debt owed under his Guaranties. A copy of said judgment is attached hereto as Exhibit C (the "Judgment"). After applying credits (to accrued interest on the Judgment) received from garnishments, the full $4,551,860.05 principal amount of the judgment, and over $1,400,000.00 in accrued interest, is still owed. As shown on Exhibit C, the Judgment was recorded in the records of the Judge of Probate of Baldwin County, Alabama on June 15, 2012.

### *The Fraudulent Transfers*

8.     On or about July 28, 2008, Judkins and Sluder caused Hwy 59 to be created. On or about August 29, 2008, Sluder, Judkins and Linda signed an operating agreement for Hwy 59, showing Sluder to be a 50% owner/member of Hwy 59 and Judkins and Linda to be a 50% owner/member of Hwy 59 as tenants by the entirety. At the time Hwy 59 was created, Judkins and Sluder owned certain real property located in Baldwin County, Alabama, as tenants in common, with Judkins owning an undivided 50% interest in said real property and Sluder owning an undivided 50% interest in said real property. Said real property is described in the deed attached hereto as Exhibit D (the "Deed"). As shown on Exhibit D, Judkins and Sluder transferred said real property (the "Property") to Hwy 59 on or about August 29, 2008.

9.     The transfer by Judkins of his 50% interest in the Property to Hwy 59 was a fraudulent transfer as to Vision/SEPH under the Alabama Fraudulent Transfer Act (the "Act"), because (i) at the time of such transfer Vision was a creditor of Judkins, (ii) Judkins was insolvent at the time of the transfer or became insolvent as a result of such transfer, (iii) the transfer was made to an insider or related party, (iv) Judkins did not receive reasonably equivalent value in exchange for the transfer, (v) Judkins retained (through Hwy 59) possession

and/or control of the Property after the transfer, (vi) shortly before and/or after the transfer, Coastal defaulted under the loans and Notes and Judkins defaulted under his Guaranties, (vii) the transfer was made with the actual intent to hinder, delay and/or defraud Vision and/or other creditors, and/or (viii) for other reasons.

10. As a result of the above fraudulent transfer, SEPH has been damaged by, including, but not limited to, depriving SEPH of assets that could be used to pay the debts owed to SEPH by Judkins.

## COUNT ONE

### (Fraudulent Transfer)

11. SEPH incorporates and realleges the facts and matters set forth in Paragraphs 1-13 above.

12. SEPH alleges a claim based on the above transfer for actual fraudulent transfer pursuant to Ala. Code § 8-9A-4(a). Judkins is liable to SEPH due to the above fraudulent transfer, and Hwy 59, as transferee, is also liable to SEPH for the above fraudulent transfer.

WHEREFORE, SEPH demands (i) judgment jointly and severally against Judkins and Hwy 59 for compensatory and punitive damages in an amount to be determined by the Court, plus SEPH's attorneys' fees and expenses incurred in this proceeding and the costs of this proceeding, (ii) that the Court set aside said fraudulent transfer and declare such transfer (and any subsequent transfer of the Property) null and void, (iii) that the Court attach the Property, and (iv) that the Court levy execution on the Property. SEPH requests such other, different and additional relief as the Court may deem proper (including all of the relief provided under the Act), the premises considered.

Respectfully submitted,

s/ J. Stephen Harvey
J. STEPHEN HARVEY  (HARVJ0459)
sharvey@mcdowellknight.com
RICHARD M. GAAL (GAALR3999)
rgaal@mcdowellknight.com
JAMES BLAIR NEWMAN, JR. (NEWMJ8590)
bnewman@mcdowellknight.com
Attorneys for SE Property Holdings, LLC

OF COUNSEL:

MCDOWELL KNIGHT ROEDDER
 & SLEDGE, LLC
11 North Water St., Ste. 13290
Mobile, Alabama  36602
(251) 432-5300
(251) 432-5303 (fax)

GILBERT L. FONTENOT (FON003)
gus@maplesfontenot.com
Maples & Fontenot, LLP
61 St. Joseph Street, Suite 200
Mobile, Alabama 36633
(251) 432-2629
(251) 432-3629 [facsimile]
Attorney for SE Property Holdings, LLC

## **CERTIFICATE OF SERVICE**

**PLAINTIFF WILL SERVE THE DEFENDANTS VIA U. S. POSTAL SERVICE CERTIFIED MAIL RETURN RECEIPT REQUESTED AT THE FOLLOWING ADDRESSES:**

Highway 59, LLC
Registered Agent: David E. Hightower
501 Commendencia Street
Pensacola, FL 32502

Russel Judkins
5821 Sandview Drive
Pensacola, FL 32507

s/ J. Stephen Harvey